# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DaJuan Key (#43357-424), | ) |
| Plaintiff, | ) |
| | ) Case No. 15 C 9266 |
| v. | ) |
| | ) Judge John Robert Blakey |
| Romeoville Police Department, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff DaJuan Key, a federal inmate currently confined at Livingston County Jail, brought this *pro se* civil rights action under 42 U.S.C. §1983, claiming that his motel room and vehicle were illegally searched in September 2013. This matter is now before the Court on Defendants' motion to dismiss Plaintiff's complaint [12]. For the reasons explained below, the motion is denied.

Defendants have moved to dismiss on four grounds for dismissal: (1) expiration of the statute of limitations; (2) collateral estoppel; (3) qualified immunity; and (4) lack of personal involvement by Defendant Ferdinardo. The motion to dismiss is denied with respect to the statute of limitations. The complaint is not untimely on its face. The remainder of the motion is denied without prejudice. Rather than decide the remaining issues on the merits at this time, the Court on its own motion hereby further stays this case pending entry of final judgment by the district court of the ongoing federal criminal proceedings in Case No. 13-CR-726 (N.D. Ill.). Defendants may renew these arguments when the stay is lifted.

Plaintiff is directed to file a status report concerning the progress of the criminal prosecution by November 30, 2016.

## Factual Background

Plaintiff's complaint alleges as follows. He was staying at a Super 8 Motel in Romeoville, Illinois on September 10, 2013. On that date, Defendant Ferdinardo, a commander in the Romeoville Police Department, received a telephone call from a woman stating that she was driving to the motel to pick up her 15 year old daughter, who had traveled there from Wisconsin with two men. The woman allegedly told Ferdinardo that her daughter was no longer inside the motel room because the men had "put her out", and the woman wanted to know if the neighborhood was safe enough for her daughter to walk to a police station. Ferdinardo then instructed Defendant Masterson, a sergeant with the Romeoville police, to try and make contact with the 15-year-old girl. Masterson, in turn, sent Romeoville police officers Truhlar and Legner to the Super 8 Motel.

The officers allegedly saw a car with a Wisconsin license plate in the parking lot of the motel. They then spoke with a motel clerk, who told them that there was a man with a Wisconsin driver's license – whom the clerk identified as Plaintiff – renting a room at the motel. The two officers then entered his motel room through the cracked-open door without announcing themselves. When the officers entered the room, Plaintiff was lying on one bed and a woman, Dache Crayton, was on a second bed. They asked Plaintiff about the girl; he said he did not know who they were talking about. The officers then began searching the room and looking in

drawers. They placed Plaintiff in handcuffs and then found and searched his cell phone and tablet. They also found the keys to Plaintiff's car, and asked him about it. He told them that it had been rented for him. The officers then received consent from Crayton to search the car. Plaintiff alleges that Crayton did not have the authority to provide such consent, and did so without Plaintiff's knowledge. Plaintiff also alleges that, in his currently pending federal criminal case in this district (Case No. 13-CR-726), he moved to suppress the evidence seized in these searches, and the district judge conducted an evidentiary hearing to address his motion to suppress the evidence seized in these searches.

## **Plaintiff's Criminal Case**

Upon review of the docket in Case 13-CR-726, this Court takes judicial notice that a federal grand jury charged Plaintiff with transporting a minor in interstate commerce with the intent that the minor engage in prostitution in violation of 18 U.S.C. § 2423(a), that an evidentiary hearing was held on October 13, 2015 on Plaintiff's motion to suppress, and that the court thereafter ruled on the motion in a written opinion on December 30, 2015. *See Henson v. CSC Credit Services,* 292 F.3d 280, 284 (7th Cir. 1994) (courts may take judicial notice of matters of public record, including the other court's dockets). The court granted the motion in part with respect to evidence seized in the motel room and denied the motion in full with respect to items seized in the car. *See United States v. Key*, No. 13 CR 726 [99]. On February 11, 2016, a jury found Plaintiff guilty of transporting a minor across state lines with the intent that the minor engage in prostitution. Plaintiff has filed

3

post-trial motions for acquittal and a new trial, including a supplemental motion on August 31, 2016, that challenges the court's suppression rulings in particular. *See Id.* [170], [210]. The district judge presiding over the criminal case has not yet ruled on those motions, and the government's response to the supplemental motion is due on September 15, 2016. *Id.* [213]. Plaintiff's sentencing is scheduled for November 9, 2016. *Id.* [197].

## **Procedural History**

Plaintiff's complaint is dated September 5, 2015, and was received by this Court on October 19, 2016. After Plaintiff submitted a revised application to proceed *in forma pauperis* in December 2015, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). On January 14, 2016, this Court issued a screening order that found that Plaintiff could proceed on a claim against Defendants Ferdinardo, Masterson, Truhlar and Legner (collectively "Defendants") for illegal search and seizure of Plaintiff's motel room and rental car. *See* [6]. The Court granted Plaintiff leave to proceed *in forma pauperis* on January 14, 2016 as well. *Id.*

Before the Court is Defendants' motion to dismiss Plaintiff's complaint. Plaintiff filed a written response to the motion.

## **Analysis**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

**A.    Statute of Limitations**

Defendants first argue that Plaintiff's complaint should be dismissed as time barred under the applicable statute of limitations. The statute of limitations for claims under §1983 is drawn from "the personal injury laws of the state where the injury occurred." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). In Illinois, that period is two years. 735 ILCS 5/13-202; *see also Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) ("[W]e reiterate our holding that the limitations period applicable to all §1983 claims brought in Illinois is

5

two years[.]"). Claims of unlawful search and seizure accrue on the date of the search/seizure. *Corpus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998).

Defendants argued initially in their motion that this lawsuit is untimely because Plaintiff's complaint was received by the Court on October 19, 2015, which is more than two years after September 10, 2013, the date of the search and commencement of the statute of limitations. In his response, Plaintiff counters that he is entitled to the benefit of the "prison mailbox rule." That rule provides that, for incarcerated litigants, a document submitted to a court is deemed filed "at the time...[it is] delivered...to the prison authorities for forwarding to the court clerk." *Houston v. Lack,* 487 U.S. 266, 276 (1988). Plaintiff contends that he gave his complaint to the prison authorities on September 5, 2015, making it timely. To support his position, Plaintiff emphasizes that his complaint is on its face dated September 5, 2015, which, he argues, "represents" when he placed it in the mailbox at the Metropolitan Correctional Center ("MCC"), where he was then incarcerated.

Defendants, in reply, argue that Plaintiff is not entitled to the benefit of the mailbox rule in this instance. Defendants look to Federal Rule of Appellate Procedure 4(c), which codified the mailbox rule for the filing of notices of appeal, and argue that Plaintiff has not made an affirmative showing, in the form that Rule 4(c) requires, that he in fact submitted his complaint for mailing at the MCC on September 5, 2015. Defendants argue that, to invoke the mailbox rule, Plaintiff would have to provide a declaration under 28 U.S.C. § 1746 of timely deposit or a notarized statement of timely deposit, neither of which was provided. To support

their argument, Defendants cite Federal Rule of Appellate Procedure 4(c). Moreover, Defendants continue, there is also evidence suggesting that Plaintiff indeed submitted his complaint at a later date, outside the statute of limitations. Defendants direct this Court's attention to the fact that the envelope mailing Plaintiff's complaint was post-marked October 16, 2015, and on the back has a notation also dated October 16, 2015, stating that the enclosed (Plaintiff's complaint) was processed through special mailing procedures. Based on all of the above, Defendants contend that the only reasonable inference that this Court should draw regarding the September 5, 2015 date is that it is when Plaintiff drafted and signed his complaint, not when he mailed it, and Plaintiff's complaint is thus untimely.

The flaw in Defendants' argument is that Federal Rule of Appellate Procedure 4(c) does not apply here. Defendants have cited no authority suggesting that Rule 4(c)'s requirements for notices of appeal apply to the filing of prisoners' civil complaints. One Court in this District has recently rejected this very argument, explaining that the Seventh Circuit has never instructed that courts should import the requirements of Rule 4(c) when extending the prison mailbox beyond the context of appeals. *See White v. Foley*, No. 12-CV-3136, 2016 WL 109945, at *2 (N.D. Ill. Jan. 11, 2016) (denying motion to dismiss for untimeliness). Courts in this District also regularly and routinely afford prisoners the benefit of the mailbox rule with respect to the filing of civil complaints without mandating compliance with Rule 4(c). *See, e.g., Jones v. Feinerman*, No. 09 C 03916, 2011 WL 4501405, at *7 (N.D. Ill. Sept. 28, 2011); *Ryburn v. Hulick*, No. 10C 7024, 2010 WL 5067904, at *1 (N.D. Ill. Dec. 6,

2010); *Scieszka v. Hefner*, No. 99 C 7371, 1999 WL 1815573, at *1 (N.D. Ill. Nov. 19, 1999).

Moreover, in this case, N.D. Illinois Local Rule 3.3 applies and governs when Plaintiff's complaint is deemed filed.[1] That rule provides that, where a plaintiff is in custody and the order granting leave to file his complaint *in forma pauperis* is entered after the statute of limitations has run – which is the case here since this Court granted leave to proceed IFP on January 14, 2016 – the complaint is deemed filed "as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court." LR 3.3(d)(1). In other words, Local Rule 3.3 codifies a "mailbox rule" in this circumstance. And as the court observed in *White, supra*, unlike Appellate Rule 4(c), Local Rule 3.3 does not prescribe a specific method by which a prisoner must prove the time at which he delivered the complaint to prison authorities for transmittal to the court. *See White*, 2016 WL 109945 at *2.

Finding Federal Rule of Appellate Procedure 4(c) inapplicable, this Court is presented with an unresolved question of fact as to when Plaintiff delivered the complaint to prison authorities for transmittal. Dismissal based on untimeliness is therefore not appropriate at the pleadings stage. Violation of the statute of limitations is an affirmative defense that Defendants bear the burden to prove, and thus may be the grounds for a preliminary dismissal of a claim only if it is plain from the face of the complaint that the claim is untimely. *See Turley v. Gaetz*, 625 F.3d

---

[1] "Local rules are binding and have the force of law," *Grassi v. Info. Res., Inc.,* 63 F.3d 596, 602 (7th Cir. 1995), unless they conflict with federal law, *Weibrecht v. S. Illinois Transfer, Inc.,* 241 F.3d 875, 879 (7th Cir. 2001).

8

1005, 1013 (7th Cir. 2005). The Court cannot deem Plaintiff's complaint untimely *on its face* when it was signed and dated on September 5, 2015, five days before the statute of limitations expired, given that the mailbox rule applies. Although a postmark dated October 16, 2015 arguably calls into question whether Plaintiff submitted his complaint to MCC authorities before September 10, 2015, the postmark date nonetheless does not plainly establish the date of transmittal to prison authorities; any number of factors could reasonably explain a delay between the transmittal and actual mailing.

For these reasons, Plaintiff's claim is not, on its face, time-barred, and Defendants' motion to dismiss the complaint on this basis is denied.

**B. Defendants' Remaining Arguments**

Defendants make several additional arguments in support of their motion to dismiss. They argue that Plaintiff's illegal search claim with respect to his motel room is collaterally estopped by the criminal court's denial of his motion to suppress. Under collateral estoppel, or "issue preclusion", an issue actually and necessarily decided by a court of competent jurisdiction is conclusive in all subsequent legal actions involving a party to the prior litigation. *Adair v. Sherman,* 230 F.3d 890, 893 (7th Cir. 2000). Issue preclusion can be used to bar a §1983 plaintiff from litigating a Fourth Amendment search-and-seizure claim that he lost at a criminal suppression hearing. *See Allen v. McCurry,* 449 U.S. 90, 104-05 (1980); *Guenther v. Holmgreen,* 738 F.2d 879, 883 (7th Cir. 1984). For issue preclusion to bar a claim, four elements must be met: (1) the issue sought to be precluded must be the same as

that involved in a prior action; (2) the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been represented in the prior action. *Adair,* 230 F.3d at 893.

Defendants also argue that they are entitled to qualified immunity with respect to both the search of the motel room and the rental car. Qualified immunity "shields government officials from liability under Section 1983 'for actions taken while performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gruenberg v. Gempeler*, 697 F.3d 573, 578 (7th Cir. 2012) (citation omitted). Courts must "consider whether the alleged facts demonstrate a constitutional violation, and whether the constitutional right was clearly established." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

Finally, Defendants argue that Defendant Ferdinardo should be dismissed because Plaintiff does not allege that he was personally involved in the incident. Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow,* 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted).

Given the posture of the ongoing criminal proceedings, the Court finds that it would not be prudent to decide these arguments on the merits at this time. "A criminal defendant may not utilize constitutional tort litigation to supplement—or

sidetrack—the criminal proceedings. Parallel civil and criminal proceedings create the possibility of inconsistent rulings." *Rankins v. Winzeler*, No. 02 C 50507, 2003 WL 21058536, at *6 (N.D. Ill. May 9, 2003) (holding that federal pre-trial detainee's wrongful arrest and search claims should be stayed pending resolution of ongoing federal criminal proceedings); *accord Gabuka v. O'Brien*, 711 F.3d 751, 753 (2013) (district court should stay already accrued civil rights claims regarding illegal searches and seizures that might be litigated during ongoing state criminal proceedings).

In *Rankins, supra,* the court noted that concurrently litigating the issues of qualified immunity and collateral estoppel with ongoing federal criminal proceedings could in particular lead to inconsistency. *Rankins,* 2003 WL 21058536 at *6-7. The court explained that a denial of qualified immunity can be the basis of an interlocutory appeal, whereas a criminal defendant must wait for entry of final judgment to appeal the denial of a motion to suppress. *Id.* And as to collateral estoppel, the court explained that final judgment in a criminal proceeding could bar the defendant's civil challenge to the lawfulness of a search that the defendant unsuccessfully contested in his criminal proceedings, but a judgment in a civil suit cannot bind the United States in criminal proceedings where the United States was not a party to the civil suit. *Id.*

Similar potential for inconsistency presents itself in this case, given the current posture of Plaintiff's criminal proceedings. As set forth above, since the Court issued its screening order, Plaintiff has been convicted and then filed post-trial

motions for acquittal and a new trial, including a supplemental motion on August 31, 2016 that challenges the criminal court's suppression rulings in particular. *See United States v. Key*, No. 13 CR 726 [170], [210]. The criminal court has not yet ruled on those motions, and the government's response to the supplemental motion is due on September 15, 2016. *Id.,* [213]. Plaintiff's sentencing is scheduled for November 9, 2016. *Id.,* [197]. A ruling on the remainder of Defendants' motion to dismiss by this Court at this time could lead to results inconsistent with the criminal court's yet-to-be-issued final dispositions and judgment.

Accordingly, this case is hereby stayed pending the entry of final judgment in the district court in Case No. 13 CR 726. The Court denies Defendants' motion to dismiss on the basis of collateral estoppel, qualified immunity, and lack of Ferdinardo's personal involvement, but the denial is not on the merits and is without prejudice to Defendants raising the arguments again when the stay is lifted, if they so choose.

## Conclusion

As set forth in the Court's Memorandum Opinion and Order, Defendants' motion to dismiss Plaintiff's complaint [12] is denied. The denial is without prejudice. The Court on its own motion hereby further stays this case pending entry of final judgment by the district court in the ongoing criminal proceedings in *United States v. Key*, Case No. 13 CR 726 (N.D. Ill.). Defendants may renew the deferred arguments after the stay is lifted, if they so choose. Plaintiff is directed to file a status report concerning the progress of the criminal prosecution by November 30,

2016. The Clerk is directed to terminate Docket Entry [4], Plaintiff's "motion for attorney representation (omitted relief from complaint)". Although Plaintiff titled his complaint "Complaint with Jury Demand and Appointment of Counsel", he did not in fact attach a motion for attorney representation nor address such a request in his Complaint. If Plaintiff seeks recruitment of counsel on his behalf, he must file a motion on the Court's form.

Date: September 13, 2016

ENTERED:

_____
John Robert Blakey
United States District Judge